UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NICHOLAS SARNICOLA,

        Plaintiff,

        -against-

SGT. BRIAN McCARTHY and
P.O. WILLIAM ACEVEDO,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        <u>COMPLAINT</u>

        <u>Plaintiff Demands a</u>
        <u>Trial by Jury</u>

Plaintiff, by his attorneys Sivin, Miller & Roche LLP, complaining of Defendants, alleges as follows, upon information and belief:

**<u>THE DEFENDANTS</u>**

1. That at all times herein mentioned, Defendant The City of New York (hereinafter "the City") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

2. That at all times herein mentioned, the City operated, controlled, managed, and maintained the New York Police Department (hereinafter the "NYPD").

3. That at all times herein mentioned, Defendant Sgt. Brian McCarthy (hereinafter "McCarthy") was and is a police sergeant employed by the NYPD, and was assigned Tax Reg. No. 951982.

4. That at all times herein mentioned, McCarthy was acting within the course and scope of his employment with the NYPD.

5. That at all times herein mentioned, McCarthy was acting under color of state law.

6. That at all times herein mentioned, Defendant P.O. William Acevedo

(hereinafter "Acevedo") was and is a police officer employed by the NYPD, and was assigned Tax Reg. No. 970367.

7.  That at all times herein mentioned, Acevedo was acting within the course and scope of his employment with the NYPD.

8.  That at all times herein mentioned, Acevedo was acting under color of state law.

### JURISDICTION and VENUE

9.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

10.  That this Court has jurisdiction over this action in that the action arises under 42 U.S.C. § 1983 and alleges violations of Plaintiffs' civil rights, including but not limited to rights guaranteed under the Fourth Amendment to the United States Constitution.

11.  That prior to the institution of this action, and within ninety days of the accrual of the state-law causes of action herein, a notice of claim and intention to sue was duly served upon and filed with Defendants; that this action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and Defendants have neglected and/or refused to make adjustment or payment thereon; and this action is being commenced within one year and ninety days after the causes of action accrued herein.

12.  That venue is proper in this district as the causes of action herein accrued in the Eastern District of New York.

**THE FACTS**

13.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

14.  That at all times herein mentioned, Plaintiff had been diagnosed with and suffered from multiple sclerosis (hereinafter "MS"), a chronic, degenerative disease that affects the central nervous system.

15.  That as a result of his MS, Plaintiff had undergone surgical removal of his bladder, and the placement of an ileal conduit that redirected urine from his kidneys into an external ostomy bag.

16.  That on May 6, 2024, Plaintiff was walking in the area of the intersection of Smith Street and 9th Street, in Brooklyn, NY, when he was forcibly stopped and seized by Defendants herein.

17.  That the stop and seizure of Plaintiff was undertaken by Defendants without probable cause or reasonable suspicion that Plaintiff had committed or was about to commit a crime or other violation of the law.

18.  That following their illegal seizure of Plaintiff, Defendants placed Plaintiff in handcuffs and, without Plaintiff's permission or consent, forcibly searched Plaintiff.

19. That the search of Plaintiff was undertaken by Defendants without probable cause or reasonable suspicion that Plaintiff had committed or was about to commit a crime or other violation of the law, or was in possession of any illegal contraband, or that the search was necessary for Defendants' safety.

20.  That during the search, Plaintiff informed Defendants of his medical condition, and he implored Defendants to be careful so as not to cause damage or disruption to

his ileal conduit.

21.  That Defendants deliberately ignored Plaintiff's implorations, and continued their search of Plaintiff's person, which included tugging at the ileal conduit.

22.  That Defendants' actions caused damage to and a malfunction of Plaintiff's ileal conduit, such that Plaintiff was no longer able to discharge urine into the ostomy bag.

23. That during the illegal search and seizure, Plaintiff inquired of Defendants as to the reason for the search and seizure, but Defendants did not supply an answer to that inquiry.

24. That instead, Defendants arrested Plaintiff and forcibly transported him to a police precinct.

25. That the arrest of Plaintiff was undertaken without probable cause or reasonable suspicion that Plaintiff had committed or was about to commit a crime or other violation of the law.

26. That after he arrived at the police precinct, Plaintiff told Defendants that he was feeling sick, and he implored Defendants to release him from custody so that he could attend to a serious medical condition that was caused by Defendants' actions herein.

27.  That Defendants deliberately ignored Plaintiff's implorations, and continued to forcibly keep Plaintiff in their custody.

28.  That Defendants further told Plaintiff that they would release him from custody only after he answered questions and provided them with information about criminal activity of which he may have knowledge.

29.  That McCarthy, together with at least one other police office, then interrogated Plaintiff and insisted that Plaintiff provide them with information about criminal activity of which he may have knowledge.

30. That after a period of interrogation, during which Plaintiff assured McCarthy and the other officer(s) that he had no information to offer, Plaintiff was released from custody.

31. That prior to releasing him from custody, McCarthy and Acevedo issue Plaintiff a Desk Appearance Ticket, charging Plaintiff with Penal Law § 220.16(1), Criminal Possession of a Controlled Substance in the Third Degree, and directing Plaintiff to appear in Criminal Court on May 26, 2024.

32. That Plaintiff was not guilty of the crime with which he was charged in the Desk Appearance Ticket, or indeed of any crime, and Defendants lacked probable cause to believe that Plaintiff was guilty of any crime.

33. That Defendants further lacked probable cause to believe that they could succeed in any prosecution of Plaintiff on the charge of drug possession, since the sole basis of the charge was the purported recovery of items following an illegal search and seizure of Plaintiff.

34. That on the day following his release from custody, Plaintiff was admitted to the hospital for an infection and other medical complications resulting from the damage to and malfunctioning of his ileal conduit, and Plaintiff remained confined to the hospital for approximately one week.

35. That on or about May 25, 2024, in further support of his Defendants' prosecution of Plaintiff, Acevedo signed and certified as true a Criminal Court Complaint, in which he charged Plaintiff with Penal Law § 220.03, Criminal Possession of a Controlled Substance in the Seventh Degree.

36. That Plaintiff was not guilty of the crime with which he was charged in the Criminal Court Complaint, or indeed of any crime, and Defendants lacked probable cause to

believe that Plaintiff was guilty of any crime.

37.  That Defendants further lacked probable cause to believe that he could succeed in any prosecution of Plaintiff on the charge of drug possession, since the sole basis of the charge was the purported recovery of items following an illegal search and seizure of Plaintiff.

38.  That in further support of the prosecution of Plaintiff, McCarthy and Acevedo knowingly fabricated evidence and knowingly made false statements to the Office of the District Attorney, including that they observed a third person hand Alprazolam pills to Plaintiff, and that Plaintiff then placed those pills in his pocket while simultaneously holding United States currency in his other hand.

39.  That the aforementioned false statements were material in nature, and were intended to persuade, and tended to have the effect of persuading, a judge and/or jury that Plaintiff was guilty of the crimes with which he was charged.

40.  That the aforementioned statements caused Plaintiff to suffer an additional deprivation of liberty, in that he was required to defend against these criminal charges and appear in court to defend against those charges.

41.  That on or about August 30, 2024, the criminal charges against Plaintiff were dismissed, and the criminal proceeding terminated favorable to Plaintiff.

42.  That the actions of Defendants herein were intentional and malicious in nature.

43.  That at all times herein mentioned, McCarthy and Acevedo observed the aforementioned illegal conduct of their fellow officers, had reasonable opportunities to intervene to prevent and/or stop that conduct, but intentionally and deliberately failed and refused to do so.

44.  That in the months following his arrest, Plaintiff developed other severe medical complications, including but not limited to recurrent infections, resulting from the damage and disruption of his ileal conduit on May 6, 2024, and as a result was required to undergo a surgical procedure to repair the damage to his urinary function.

45.  That as a further result of Defendants' actions herein, Plaintiff endured and will continue to endure pain and suffering and loss of enjoyment of life, an aggravation and exacerbation of his MS and related problems, and has been otherwise damaged.

### FIRST CAUSE OF ACTION AGAINST McCARTHY AND ACEVEDO
**(Illegal Search and Seizure: 42 U.S.C. § 1983)**

46.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

47.  That the initial stop of Plaintiff and the subsequent search of Plaintiff constituted illegal searches and seizures of Plaintiff, in violation of the Fourth Amendment to the U.S. Constitution, and entitle Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

### SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(False Arrest/Imprisonment Under New York State Law)**

48.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

49.  That the aforementioned actions of McCarthy and Acevedo constituted a false arrest and false imprisonment of Plaintiff, for which McCarthy and Acevedo are liable under New York State law, and for which the City is vicariously liable under the doctrine of respondeat superior.

**THIRD CAUSE OF ACTION AGAINST THE OFFICERS**
**(False Arrest/Imprisonment: 42 U.S.C. § 1983)**

50.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

51.  That the false arrest and false imprisonment of Plaintiff constituted illegal seizures of Plaintiff, in violation of the Fourth Amendment to the U.S. Constitution, and entitle Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Assault and Battery Under New York State Law)**

52.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

53.  That the aforementioned actions of McCarthy and Acevedo constituted an assault and battery of Plaintiff, for which McCarthy and Acevedo are liable under New York State law, and for which the City is vicariously liable under the doctrine of respondeat superior.

**FIFTH CAUSE OF ACTION AGAINST McCARTHY and ACEVEDO**
**(Use of Excessive Force: 42 U.S.C. § 1983)**

54.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

55.  That the assault and battery and use of excessive force against Plaintiff constituted an illegal seizure of Plaintiff, in violation of the Fourth Amendment to the U.S. Constitution, and entitle Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**(Malicious Prosecution Under New York State Law)**

56.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

57.  That the aforementioned actions of McCarthy and Acevedo constituted a malicious prosecution of Plaintiff, for which McCarthy and Acevedo are liable under New York State law, and for which the City is vicariously liable under the doctrine of respondeat superior.

**SEVENTH CAUSE OF ACTION AGAINST McCARTHY and ACEVEDO**
**(Malicious Prosecution: 42 U.S.C. § 1983)**

58.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

59.  That the malicious prosecution of Plaintiff constituted an illegal seizure of Plaintiff, in violation of the Fourth Amendment to the U.S. Constitution, and entitles Plaintiff to recover damages pursuant to 42 U.S.C. § 1983.

**EIGHTH CAUSE OF ACTION AGAINST McCARTHY and ACEVEDO**
**(Denial of Right to Fair Trial: 42 U.S.C. § 1983)**

60.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

61.  That the aforesaid actions of McCarthy and Acevedo constituted a denial of Plaintiff's right to a fair trial, in violation of Plaintiff's rights under the Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and entitle Plaintiff to recover monetary damages under 42 U.S.C. § 1983.

**NINTH CAUSE OF ACTION**
**(42 U.S.C. § 1983: Deliberate Indifference to Serious Medical Needs)**

62.  Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

63.  That the aforesaid actions of McCarthy and Acevedo constituted a deliberate indifference to Plaintiff's serious medical needs, in violation of Plaintiff's right to substantive due process under the Fourteenth Amendment to the U.S. Constitution, and entitle Plaintiff to

recover damages under 42 U.S.C. § 1983.

### TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
**(NYC Administrative Code § 8-802)**

64. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

65. That the aforesaid actions by Defendants constituted unreasonable searches and seizures and uses of excessive force in violation of Plaintiff's rights pursuant to NYC Administrative Code § 8-802, and entitle Plaintiff to recover monetary damages under NYC Administrative Code § 8-803.

### ELEVENTH CAUSE OF ACTION AGAINST McCARTHY and ACEVEDO
**(Failure to Intervene: 42 U.S.C. § 1983)**

66. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

67. That the aforementioned actions of McCarthy and Acevedo in failing to intervene to prevent and/or stop the illegal conduct of their fellow officers constituted a violation of rights guaranteed to plaintiff under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, and NYC Administrative Code § 8-802, and entitle Plaintiff to recover damages pursuant to 42 U.S.C. § 1988 and pursuant to NYC Administrative Code § 8-803.

### TWELFTH CAUSE OF ACTION AGAINST THE CITY
**(Negligent Hiring, Training, Supervision, and Retention)**

68. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

69. That the aforesaid incidents and resulting damage to Plaintiff were due to the negligence of the City, its agents, servants and/or employees, in the hiring, training, supervision, and retention of McCarthy and Acevedo.

70. That all of the causes of action herein fall within one or more of the exceptions set forth in CPLR Article 16 with respect to joint and several liability.

WHEREFORE, Plaintiff demands judgment against Defendants, and each of them, on the foregoing causes of action for compensatory damages and punitive damages in an amount that exceeds the jurisdictional limitations of all lower courts that otherwise would have jurisdiction over this matter, and attorney's fees against Defendants pursuant to 42 U.S.C. § 1988 and NYC Administrative Code § 8-805, and Plaintiff also demands the costs and disbursements of this action.

Dated:  New York, New York
       June 9, 2025

Yours, etc.
SIVIN, MILLER & ROCHE LLP


By  *s/ David Roche*
    David Roche
    Attorneys for Plaintiff
    20 Vesey St., Suite 1400
    New York, NY  10007
    (212) 349-0300